NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WASHINGTON STATE CONVENTION
CENTER PUBLIC FACILITIES DISTRICT,

Plaintiff-Appellant,

v.

EMPLOYERS INSURANCE COMPANY
OF WAUSAU,

Defendant-Appellee.

No. 24-1889

D.C. No.
2:23-cv-01386-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara J. Rothstein, District Judge, Presiding

Submitted November 21, 2024[**]
Seattle, Washington

Before: MILLER, LEE, and H.A. THOMAS, Circuit Judges.

Washington State Convention Center Public Facility District (WSCC) appeals

the district court's dismissal of its complaint seeking insurance coverage from

Employers Insurance Company of Wausau. Our jurisdiction arises under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a district court's order granting a motion to dismiss, and we affirm. *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

Due to COVID-19 government restrictions, WSCC was not able to rent out or otherwise use its convention center in downtown Seattle. WSCC alleges the Civil and Military Authority provision of its insurance policy covers its business interruption losses that resulted from COVID-19 restrictions. That provision affords coverage, subject to several exclusions, for losses "sustained . . . during the period of interruption if an order of civil or military authority prohibits access to a covered location provided such order is caused by physical loss or damage of the type insured by this Policy at a covered location." The period of interruption begins "at the time of such direct physical loss or damage" and "[c]ontinu[es] until the order is lifted."

Under Washington law, the insured bears the burden of showing coverage exists, and the insurer bears the burden of showing an exclusion applies. *See Hill & Stout, PLLC v. Mut. of Enumclaw Ins. Co.*, 515 P.3d 525, 531 (Wash. 2022) (en banc). Courts applying Washington law resolve ambiguity in favor of the insured and enforce unambiguous clauses as written. *Id.*

WSCC's claim fails for two reasons. First, WSCC fails to show coverage exists for its losses under the Civil or Military Authority provision of its policy. Second, the policy's contamination exclusion bars coverage for WSCC's losses.

1. WSCC cannot establish coverage under the Civil or Military Authority

provision because neither COVID-19 nor Washington's COVID-19 restrictions caused "physical loss or damage" to WSCC's property. In *Hill & Stout*, the Supreme Court of Washington acknowledged the national consensus that "COVID-19 and related governmental orders do not cause physical loss of or damage to a property and do not trigger coverage under similar policy language." 515 P.3d at 534. While it left open the possibility of "direct physical loss under a theory of loss of functionality" when the plaintiff alleges some physical effect on its property, this case does not involve such a theory. *Id.* at 533–34. Here, the insurance policy requires the civil or military order to be caused by physical loss or damage. But the government's COVID-19 proclamations purported to respond to the spread of COVID-19 in Washington, not to physical damage at any property, let alone the insured convention center. The lack of causation thus forecloses WSCC's claim for insurance coverage.

2. WSCC's claim for coverage fails for another independent reason. The policy excludes coverage for "any costs due to contamination including the inability to use or occupy property." The policy defines contaminants to include "[a]ny . . . virus[ or] disease[-]causing or illness[-]causing agent." Because COVID-19 is an infectious disease caused by the SARS-CoV-2 virus, this provision precludes coverage for COVID-19-related business losses.

3

We **AFFIRM** the district court's order granting Wausau's 12(b)(6) motion to dismiss WSCC's claims.